UNITED STATES DISTRICT COURT
DISTRICT FOR MINNESOTA

| | |
|---|---|
| Elizabeth A. Sampson and Tracey A. Lane, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Fifth Third Bank,<br><br>Defendant. | Civil Action No. _____ |

## DEFENDANT FIFTH THIRD BANK'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 as amended in relevant parts by the Class Action Fairness Act of 2005 ("CAFA"), Defendant Fifth Third Bank, ("Fifth Third"), by its counsel, hereby removes the subject action from the State of Minnesota, Second Judicial District Court, to the United States District Court for the District of Minnesota. Plaintiffs' claims satisfy CAFA's jurisdiction requirements, including the $5,000,000.00 amount-in-controversy requirement. Fifth Third maintains that Plaintiffs' claims are without merit and will dispute them at the appropriate time, but for purposes of removal states as follows:

**I.      NATURE OF ACTION.**

1. Plaintiffs Elizabeth A. Sampson and Tracey A. Lane, on behalf of themselves and all others similarly situated ("Plaintiffs"), served Fifth Third on or about May 11, 2018 with a Summons and Class Action Complaint that was

19580767v2

venued, but not filed, in the State of Minnesota, Second Judicial District Court. The Summons and Class Action Complaint are attached hereto as **Exhibit 1**. Plaintiffs subsequently granted Fifth Third an extension of time to answer the Class Action Complaint until June 21, 2018.

2.  Plaintiffs' Class Action Complaint asserts claims alleging: (A) Count I—wrongful repossession (Minn. Stat. § 336.9-609); and (B) Count II—common law conversion. (*See* Ex. 1, Compl. at ¶¶ 37-43.) Additionally, although not pleaded as a separate count, Plaintiffs allege they "have suffered emotional distress, anger, anxiety, embarrassment, and humiliation" as a result of Fifth Third's alleged actions. (*Id.*, Compl. at ¶ 25.)

3.  The Class Action Complaint seeks an order certifying the proposed class, naming Plaintiffs the class representatives and their counsel as class counsel, finding that Fifth Third violated UCC provisions and committed common law conversion, enjoining certain of Fifth Third's collection practices, and awarding both statutory and actual damages to Plaintiffs and the putative class. (*Id.* at Prayer for Relief, ¶¶ A-G.) Additionally, Plaintiffs seek judgment in their favor for such other and further relief, including equitable relief, as the Court deems just and proper. (*Id.*, ¶ F.)

4.  The proposed class consists of:

> All Minnesota consumers who, within four (4) years of the filing of this Complaint, made at least two late or partial payments in connection with loan(s) on their vehicle(s) that were accepted by Defendant FTB [Fifth Third], and who were not sent a Cobb notice prior to FTB's [Fifth Third's] initiation of vehicle repossession or attempted repossession.

(*Id.* at ¶ 27.)

## II.  JURISDICTION.

5.  CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). All of these requirements are met here.

### A.  **Minimal Diversity Exists.**

6.  CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member for a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Diversity of citizenship exists here.

7.  Plaintiff Sampson claims to be a resident of Dakota County, Minnesota. Plaintiff Lane claims to be a resident of Goodhue County, Minnesota. (Ex. 1, Compl. at ¶¶ 2-3.)

8.  Defendant Fifth Third Bank, the lone defendant, is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Thus, for purposes of CAFA jurisdiction, Fifth Third is a citizen of Ohio and no other state. 28 U.S.C. § 1332(c)(1).

9. Accordingly, the minimal diversity requirement is satisfied given that Plaintiffs are citizens of Minnesota and Fifth Third is a citizen of Ohio.

### B. The Putative Class Exceeds 100 Members.

10. Plaintiffs allege "the proposed class is *so numerous* that joinder of members is impracticable." (Ex. 1, Compl. at ¶ 29, emphasis added.) Plaintiff further alleges Fifth Third "is a national financing service provider" that provides "vehicle financing services to a *large number* of consumers who, at one time or another, fall behind in their monthly payments and make late or partial payments to it." (*Id.*, emphasis added.)

11. Fifth Third does not dispute that there are at least 100 putative class members, and, upon information and belief, Fifth Third conservatively estimates that the putative class contains at least 1,500 putative class members. Thus, the proposed class has more than the minimum 100 members needed for CAFA to apply.

### C. The Amount in Controversy Exceeds $5,000,000.

12. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "need included only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" *Id.* at 554.

4

13. Pursuant to 28 U.S.C. § 1332(d)(6), the claims of the individual class members can be aggregated to satisfy the $5,000,000 amount in controversy requirement.

14. Plaintiffs' Class Action Complaint does not specify the amount of money they and the putative class seek to recover in damages. Although Fifth Third denies all liability alleged in the Class Action Complaint and denies that class treatment is appropriate for this Action, if damages were awarded on Plaintiffs' various claims and individual alleged statutory violations and other damages alleged to have been incurred, then the aggregate amount as to Plaintiffs and the putative class would exceed $5,000,000 exclusive of interests and costs.

15. "[W]hen determining the amount in controversy, the question 'is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (emphasis in original)).

16. Fifth Third denies Plaintiffs' substantive allegations, denies Plaintiffs are entitled to any of the relief sought in the Class Action Complaint, and does not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. *See e.g., Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume

5

the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

17. "The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith. Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 549–50 (internal citation omitted).

18. Here, Plaintiffs seek statutory and compensatory damages for themselves and on behalf of a putative class Fifth Third conservatively estimates includes at least 1,500 class members. Plaintiffs allege they and the proposed class are entitled to recover statutory damages under Minnesota Statutes Section 336.9-625 "in the amount of the total finance charge plus ten (10) percent of the amount financed on the automobile loan contracts." (Ex. 1., Compl., at ¶ 39.) Additionally, a debtor may also recover "damages in the amount of any loss caused by a [secured creditor's] failure to comply with" the statute, which "may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing." Minn. Stat. § 336.9-625(b).

19. Here, Plaintiffs have raised claims related to Fifth Third's automotive financing products. Fifth Third approves thousands of automotive installment loans to Minnesota consumers per year. Vehicles are an asset with purchases prices of often thousands, or even tens of thousands, of dollars. The finance of credit service

charge on the sale of these vehicles will therefore typically be in the hundreds or thousands of dollars.

20. Plaintiff Sampson's loan included a finance charge of $1,746 on an amount financed of $10,891. Under her theory, Plaintiff Sampson would be entitled to a *minimum* statutory damage award $2,835.10, plus, potentially, damages she incurred for loss of ability to obtain credit or increased cost of doing so. Plaintiff Sampson alleges she is a typical member of the class, although based on information and belief, her loan is smaller than the average automotive installment loan approved by Fifth Third during the class period. If each class member has a *minimum* claim of $2,835.10 and a potential claim higher than that, it does not take a large class to reach the $5,000,000 minimum floor.

21. This class action, however, also seeks actual damages. A subset of the proposed class are individuals whose vehicles were actually repossessed—as opposed to proposed class members whose vehicles were merely attempted to be repossessed. This subset class also seeks damages arising from an alleged conversion of their vehicles. Upon information and belief, this subset includes at least 500 proposed class members. Damages theoretically recoverable on a conversion claim include loss of use, loss of equity (in instances where consumers did not redeem their vehicles and the bank sold their vehicles), and other damages recoverable at law. These damages could easily range into the thousands of dollars per putative class member.

22.   Plaintiffs allege "emotional distress, anger, anxiety, embarrassment, and humiliation" for which a jury may award additional damages. A jury may award thousands of dollars per Plaintiff and member of the putative class for emotional distress damages. *See Osborne v. Minnesota Recovery Bureau, Inc.*, No. 04-1167(JRT/FLN), 2006 WL 1314420, at *3 (D. Minn. May 12, 2006) (holding that because the plain language of § 336.9–625(b) allows recovery for "any loss," the statute allows plaintiffs to recover for emotional distress damages); *In re Hernandez-Panameno*, No. 12-30794 TEC, 2012 WL 4867580, at *2 (Bankr. N.D. Cal. Oct. 10, 2012) (awarding $3,000 for emotional distress damages as a result of wrongful repossession). An award of $3,000 per class member for at least 1,500 proposed class members could amount to at least $4,500,000 (*i.e.*, 1,500 class members x $3,000 emotional distress damages = $4,500,000).

23.   The mere availability of punitive damages, based on Fifth Third's alleged conduct, may also be considered in determining the amount in controversy for purposes of removal to federal court. *See Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages allowed in determining amount in controversy for purposes of diversity jurisdiction); *Esget v. Adecco USA, Inc.*, Civ. No. 12-2164 (RHK/AJB), 2012 WL 4856302 (D. Minn. Oct. 12, 2012) ("A court may read claims for punitive damages into a pleading if it is clear such damages are possible based upon the cause of action asserted.") (quoting *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F.Supp.2d 1097, 1103 (S.D. Iowa 2010)).

8

19580767v2

24.    Punitive damages under Minnesota law may be pleaded upon a *prima facie* showing "that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20. That includes a deliberate disregard for the property rights of others. *Molenaar v. United Cattle Co.*, 553 N.W.2d 424, 427 and 428 (Minn. Ct. App. 1996) ("Punitive damages have been permitted in conversion actions since the formation of the state." and "Conversion, for instance, generally violates property rights without personal harm to the owner. By including disregard of rights as well as disregard of safety, the statute permits punitive damages for both property damage and personal injury."). Here, Plaintiffs pleaded that Fifth Third "intentionally interfered with Plaintiffs' and the class's use of their property[.]" (Compl., ¶¶ 41.)   If awarded by the jury, punitive damages would further increase the damages recoverable by the class for CAFA jurisdictional purposes by hundreds, or thousands, of dollars per class member.

25.    Given the number of potential class members described by Plaintiffs' putative class description, and the amount of damages which, if the allegations in Plaintiffs' Class Action Complaint are taken as true, the amount in controversy, exclusive of interests and costs, well exceeds CAFA's jurisdictional minimum of $5,000,000.

**III.    JURISDICTION.**

26.    This Court is the proper venue for removal because the Action is pending in the State of Minnesota, Second Judicial District Court, and the Federal

District Court for the District of Minnesota is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

28. Fifth Third timely filed this Notice of Removal. Fifth Third was served with the Complaint on May 11, 2018. Accordingly, Defendants filed this Notice of Removal within 30 days of being served. 28 U.S.C. §§ 1446(b); 1453(b).

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Ramsey County District Court, Second Judicial District in St. Paul, Minnesota.

Dated: June 11, 2018.                                Respectfully submitted,

**BOWMAN AND BROOKE LLP**

/s/ Charles (C.J.) Schoenwetter
Charles (C.J.) Schoenwetter (#025115X)
David J. Carrier (#393582)
150 South Fifth Street, Suite 3000
Minneapolis, MN  55402
Telephone: (612) 339-8682
cj.schoenwetter@bowmanandbrooke.com
david.carrier@bowmanandbrooke.com

*Attorneys for Defendant Fifth Third Bank*