# EXHIBIT 1

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF RAMSEY                                SECOND JUDICIAL DISTRICT
                                                Case Type:  Other Civil

| | |
|---|---|
| Elizabeth A. Sampson and Tracey A. Lane, *et al.*,<br><br>                              Plaintiffs,<br><br>vs.<br><br>Fifth Third Bank,<br><br>                              Defendant. | **Court File No.** _____<br><br>**CIVIL COVER SHEET (Non-Family Court)** |

Date Case Filed:  June 8, 2018

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form.  Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within ten days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator.  The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

ATTORNEY FOR PLAINTIFFS

Vildan A. Teske (#241404)
Maris C. Katz (#389709)
Teske, Katz, Kitzer & Rochel PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
Tele: 612-824-4357
teske@tkkrlaw.com
katz@tkkrlaw.com

ATTORNEYS FOR DEFENDANT FIFTH THIRD BANK

Charles (C.J.) Schoenwetter (# 025115X)
David J. Carrier (#393582)
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tele: 612-339-8682
cj.schoenwetter@bowmanandbrooke.com
david.carrier@bowmanandbrooke.com

Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1. Provide a concise statement of the case including facts and legal basis:

    Plaintiffs allege violations of Minn. Stat. § 336.9-609, and Minnesota common law conversion. Specifically, Plaintiffs allege that because Defendant Fifth Third Bank ("Fifth Third") accepted late payments without sending Plaintiffs and other class members strict compliance letters before repossession, Fifth Third has violated Minn. Stat. § 336.9-609 and Minnesota common law prohibiting conversion. Plaintiffs allege class action allegations on behalf of a class defined as follows:

    > *All Minnesota customers who, within four (4) years of the filing of this Complaint, made at least two late or partial payments in connection with loan(s) on their vehicle(s) that were accepted by Defendant FTB, and who were not sent a* Cobb *notice prior to FTB's initiation of vehicle repossession or attempted repossession.*

2. Date Complaint was served: May 11, 2018

3. For Expedited Litigation Track (ELT) Pilot Courts only: <u>N/A – Class action which may be removed to federal court.</u>

    a. ☐ the parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot. Date of agreement: _____

    b. ☐ The court is requested to consider excluding this case from ELT for the following reasons: _____

    Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

    c. Anticipated number of trial witnesses: _____
    d. Amount of medical expenses to date: _____
    e. Amount of lost wages to date: _____
    f. Identify any known subrogation interests: _____

4. Estimated discovery completion within <u>9</u> months from the date of this form.

5. Disclosure / discovery of electronically stored information discussed with other party?

    **X** No    ☐ Yes, date of discussion: _____

If Yes, list agreements, plans, and disputes: _____

6. Proposed trial start date: <u>N/A Subject to removal to federal court</u>

7. Estimated trial time: <u>N/A Subject to removal to federal court</u>

8. Jury trial is:

☐ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.
(specify party)

☐ requested by _____ (NOTE: Applicable fee must be enclosed)
(specify party)

9. Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:

☐ Yes    X No

10. Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect): _____

11. Issues in dispute: <u>Liability, Damages</u>

12. Case Type / Category: <u>Other Civil</u> (NOTE: select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure).

13. Recommended Alternative Dispute Resolution (ADR) mechanism: <u>N/A</u>

(See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

Recommended ADR provider (known as a "neutral"): _____

Recommended ADR completion date: _____

If applicable, reasons why ADR not appropriate for this case: <u>Subject to removal to federal court</u>

By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Submitted by: s/David J. Carrier

Attorney License: #0393582

Firm: Bowman and Brooke LLP

Address: 150 South Fifth Street, Suite 300

Telephone: 612-339-8682

Date: June 8, 2018

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **RAMSEY COUNTY** | **SECOND JUDICIAL DISTRICT** |

| | |
|---|---|
| Elizabeth A. Sampson and Tracey A. Lane, on behalf of themselves and all other similarly situated, | Court File Number: _____<br>Case Type: Civil Other<br>Statutory Violation |
| Plaintiffs, | **SUMMONS** |
| v. | |
| Fifth Third Bank, | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO:   Fifth Third Bank
2345 Rice Street #230
Roseville, MN 55113

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   Vildan A. Teske
   Teske, Katz, Kitzer & Rochel, PLLP
   222 South Ninth Street, Suite 4050
   Minneapolis, Minnesota 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to

tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 11, 2018

                                  **TESKE, KATZ,**
                                  **KITZER & ROCHEL, PLLP**

                                  */s/ Vildan Teske*
                                  Vildan A. Teske (#241404)
                                  Marisa C. Katz (#389709)
                                  222 South Ninth Street, Suite 4050
                                  Minneapolis, MN 55402
                                  Tel. 612-746-1558
                                  Fax. 651-846-5339
                                  teske@tkkrlaw.com
                                  katz@tkkrlaw.com

                                  **ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| RAMSEY COUNTY | SECOND JUDICIAL DISTRICT |

|  |  |
|---|---|
| Elizabeth A. Sampson and Tracey A. Lane, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Fifth Third Bank<br><br>Defendant. | ) Case Type: Civil Other<br>) Statutory Violation<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>) **AND JURY DEMAND**<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>) |

## INTRODUCTION

1. Plaintiffs Elizabeth Sampson and her mother Tracey Lane bring this consumer class action on behalf of themselves, and all others similarly situated, as a result of Defendant's unlawful repossession of vehicles and conversion of personal property in violation of the Uniform Commercial Code, as adopted and codified in Minn. Stat. § 336.9-609, and Minnesota common law.

## PARTIES AND VENUE

2. Plaintiff Sampson resides at 639 4th Street West, Hastings, Dakota County, Minnesota 55033.

3. Plaintiff Lane resides at 1103 Maple Street, Red Wing, Goodhue County, Minnesota 55066.

4. Plaintiffs are "consumer debtors," as defined by Minn. Stat. § 336.9-102(a)(22).

5. Defendant Fifth Third Bank (hereinafter "FTB") is a foreign financing company, incorporated under the laws of the State of Ohio. It is licensed to do business in

1

Minnesota, with a registered address of 2345 Rice Street #230, Roseville, Ramsey County, Minnesota, and regularly conducts business in Minnesota. Its principal place of business is located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

6. Venue is proper in this Court pursuant to Minn. Stat. § 542.09 because Defendant's registered address is in Ramsey County, it conducts business in this county, and some part of the action at issue in this case occurred in this county.

## FACTUAL BACKGROUND

*The Auto Financing Loan*

7. On August 15, 2014, Plaintiffs obtained a loan from Defendant FTB to finance the purchase of a 2007 Lincoln MKZ (hereinafter "Vehicle"). Plaintiff Sampson was designated as the "Purchaser," with Plaintiff Lane designated as the "Co-Buyer." Plaintiffs granted FTB a security interest in the Vehicle to secure repayment of the loan. Plaintiffs' agreement with FTB to repay the loan required regular monthly installment payments due on the 29th of each month.

8. Because Plaintiffs incurred the debt for personal and family purposes, and purchased the Vehicle for personal and family purposes, the entire transaction was a "consumer goods transaction," as defined by Minn. Stat. § 336.9-102(a)(24).

9. Over the course of Plaintiffs' loan with FTB, Plaintiff Sampson made, and FTB accepted, a number of late or irregular payments to it, including late payments for the installments that were due for the months of February 2015, May 2016, September 2016, December 2016, February 2017, March 2017, April 2017, May 2017, and June 2017.

10. Under Minnesota law, when a creditor has repeatedly accepted late and partial payments from the debtor over the course of a loan, the creditor or secured party must notify the debtor that strict compliance with the contract terms will be required, referred to as a *Cobb* notice, before the creditor can lawfully repossess the collateral. *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980).

11. The late and irregular payments were repeatedly accepted by FTB and Plaintiffs never received a *Cobb* notice.

12. Plaintiff Sampson filed for Chapter 7 bankruptcy protection on March 2, 2017. She obtained a bankruptcy discharge on May 31, 2017; however, because she entered into a reaffirmation agreement during the course of her bankruptcy proceedings, the arrears from the Vehicle loan were not discharged.

*Defendant FTB Unlawfully Repossesses Plaintiffs' Vehicle*

13. On July 6, 2017, Repossessors, Inc, a repossession company hired by FTB, arrived to tow Plaintiffs' vehicle from Plaintiff Sampson's driveway at around 4:30 A.M.

14. Plaintiff Sampson asked for proof that the repossession was valid and was shown a computer with the Vehicle and her address listed. They informed Plaintiff Sampson that, if there were an error, the bank would return the Vehicle.

15. Plaintiff Sampson was allowed to retrieve her personal belongings from the Vehicle prior to the repossession.

16. No paperwork was given to Plaintiff Sampson at the time of repossession.

3

*Plaintiffs' Communications with FTB After the Wrongful Repossession of the Vehicle*

17. When Plaintiff Sampson attempted to gain information from FTB regarding the repossession, she was informed that it could not provide information to her due to her bankruptcy proceedings. She was told that either Plaintiff Lane or her bankruptcy attorney, Greg Wald, could obtain information on the account.

18. Greg Wald thereafter spoke with a representative from FTB and was informed that, due to a late payment in May, the full balance of $5,832.71 would need to be paid to release the vehicle. Plaintiff Sampson informed Mr. Wald that she had not received any warning of a delinquent account or notice that the car was going to be repossessed.

19. Plaintiff Lane also called and spoke to a representative at Defendant FTB and was told a payment of $619, plus $500 for repossession fees, would bring the account into good standing, and that the car could then be picked up two to three days later. Neither Plaintiff Sampson nor Plaintiff Lane recalls receiving communication about the account being delinquent.

20. The representative for Defendant FTB also incorrectly told Plaintiff Lane that the debt associated with the Vehicle was discharged in Ms. Sampson's bankruptcy proceeding.

21. In fact, Ms. Sampson indicated her intent to reaffirm the Vehicle loan when she filed her voluntary petition for chapter 7 bankruptcy on March 2, 2017. Ms. Sampson and FTB then entered into a reaffirmation agreement, and Ms. Sampson continued making monthly payments on the Vehicle loan.

4

22. Later in the afternoon of July 6, 2017, Ms. Sampson's husband, Nick Sampson, called FTB and spoke to a representative named Tony. Tony admitted to Mr. Sampson that the computer showed a payment was processed and accepted by FTB on July 5, the day before FTB repossessed the Vehicle. Tony then put Mr. Sampson on hold for several minutes and, when he returned, he stated that he had to end the call and that "he ha[d] said too much already." Mr. Sampson requested to speak to a supervisor but Tony ended the call.

23. Several hours later, another representative of FTB named Scott called the Sampsons back and told them that they would need to wire money to FTB the next day to avoid the car being sent to auction. During one of these calls, the Sampsons were told that the car would be sold the following week.

24. On July 7, 2017, Ms. Lane called FTB to find out the amount that would have to be wired. She was told that she would need to wire $619, but that FTB had decided to waive the repossession fees. Ms. Lane then went to a Western Union to wire the money to FTB to halt the transport of the car to the auction site.

25. On the same day, Ms. Lane called FTB to verify that Defendant was in receipt of the wired funds. The representative stated that an urgent designation would be put on the paperwork for processing to avoid the Vehicle going to auction. The Vehicle was not, as a result, sold at auction. As a result of Defendant's actions, Plaintiffs Sampson and Lane lost use of the Vehicle during the time that it was held by Defendant and have suffered emotional distress, anger, anxiety, embarrassment, and humiliation, as well as the time they spent in attempting to secure possession of their vehicle again.

5

## CLASS ACTION ALLEGATIONS

26. Plaintiffs Sampson and Lane bring this action individually and as a class action.

27. Pursuant to Minn. R. Civ. P. 23.01, 23.02(b) and 23.02 (c), Plaintiffs seek to certify the following class:

    *All Minnesota consumers who, within four (4) years of the filing of this Complaint, made at least two late or partial payments in connection with loan(s) on their vehicle(s) that were accepted by Defendant FTB, and who were not sent a Cobb notice prior to FTB's initiation of vehicle repossession or attempted repossession.*

28. This class action satisfies all the requirements of Minn. R. Civ. P. 23.01, including numerosity, commonality, typicality and adequacy, as well as the requirements of Minn. R. Civ. P. 23.02(b) and the requirements of predominance and superiority under Minn. R. Civ. P. 23.02(c).

29. Consistent with Minn. R. Civ. P. 23.01(a), the proposed class is so numerous that joinder of members is impracticable. Defendant FTB is a national financial service provider offering financing for vehicles. They provide vehicle financing services to a large number of consumers who, at one time or another, fall behind on their monthly loan payments and make late or partial payments to it.

30. There are questions of law or fact common to all member of the class, and which questions predominate over any question affecting only individual class members. Common questions of law or fact that will be dispositive of the claims of the class include, but are not limited to:

    A)     Whether FTB sent *Cobb* notices to the class following late, partial or irregular payments before attempting to repossess their vehicles;

    B)     Whether FTB wrongfully repossessed class members' vehicles without a right of possession;

    C)     Whether FTB is liable for conversion for repossessing vehicles without sending *Cobb* notices to class members; and

    D)     Whether FTB's policies and procedures regarding repossession of vehicles complied with requirements of Minnesota law.

31. Plaintiffs' claims are typical of the claims of all members of the class. Any defenses that Defendant may have as to the merits or damages with respect to Plaintiffs' claims would be applicable to all members of the class.

32. Plaintiffs bring this lawsuit after an extensive investigation of Defendant's misconduct with the intention to stop its unlawful practices and recover damages, including statutory penalties for themselves and for the class. Plaintiffs will continue to vigorously pursue relief for the class.

33. Plaintiffs' counsel have been certified as class counsel in a number of class actions enforcing consumer protection laws over the last two decades and are experienced in handling complex litigation. Plaintiffs' counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the class.

34. The class meets the criteria for certification pursuant to Minn. R. Civ. P. 23.02(c) because questions of law or fact common to members of the class will

predominate over any questions affecting only individual members, and a Rule 23 class action is superior to other methods for fair and efficient adjudication of the controversy and causes of action stated in this complaint.

35. Certification is also appropriate under Minn. R. Civ. P. 23.02(b) where, as here, Plaintiffs, on behalf of the class, are seeking systematic reform through injunctive relief under Rule 23.02(b), where commonality findings are based primarily on Defendant's conduct and which conduct is central to the claims of all class members, irrespective of individual circumstances.

36. A class action is superior to other available methods for the fair and efficient adjudication of Defendant's violations of law because joinder is impracticable. Furthermore, prosecution of separate actions by individual class members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Defendant. In addition, a class action is likely the only economical way, as a practical matter, in which class members' claims will be adjudicated because the amounts in controversy are small enough to discourage prosecution of individual actions. Concentration of the litigation concerning this matter in this Court is desirable because if such litigation were prosecuted individually, it would unnecessarily cause a great multiplicity of actions. Plaintiffs foresee no difficulties in managing this action as a class action. Few members of the class are aware that Defendant's actions are unlawful and few would know to seek legal counsel to prosecute their claims. The class notice mechanism provides an

opportunity for uninformed class members to find out about their rights and obtain relief where they otherwise would not.

## CAUSES OF ACTION

### COUNT I.

### WRONGFUL REPOSSESSSION

### MINN. STAT. § 336.9-609

37. Plaintiffs Sampson and Lane incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Due to FTB's acceptance of late and/or partial payments on vehicle loans and its subsequent failure to send Cobb notices to Plaintiffs and the class prior to commencing repossession of collateral, Defendant resultantly had no present legal rights to possess Plaintiffs' and the class's vehicles, in violation of Minn. Stat. § 336.9-609, as that right has been further defined and limited by *Cobb*, 295 N.W. 2d at 232 and *Steichen v. First Bank Grand*, 372 N.W.2d 768 (Minn. App. 1985).

39. Pursuant to Minn. Stat. § 336.9-625, Plaintiffs and the class are entitled to recover statutory damages in the amount of the total finance charge plus ten (10) percent of the amount financed on the automobile loan contracts.

### COUNT II.

### CONVERSION

40. Plaintiffs Sampson and Lane incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

9

41. FTB intentionally interfered with Plaintiffs' and the class's use of their property, without a claim of right, by repossessing their vehicles in violation of Minn. Stat. § 336.9-609, *Cobb* and *Steichen*.

42. Defendant FTB intentionally interfered with Plaintiffs' use of their property without a claim of right by refusing to allow Plaintiffs' possession of the vehicle.

43. Plaintiffs and the class suffered an absolute deprivation of their property rights and are entitled to recovery for the full value of the loss of the use of the Vehicle due to the actions of Defendant FTB.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment as follows:

A. Certifying this action as a class action on behalf of the proposed class as defined herein pursuant to Minn. R. Civ. P. 23, and naming the Plaintiffs as class representatives and the undersigned counsel as class counsel;

B. Finding Defendant liable for its wrongful possession of vehicles in violation of the Uniform Commercial Code and common law conversion;

C. Awarding Plaintiffs and the class statutory damages against Defendant, pursuant to Minn. Stat. §336.9-625;

D. Awarding Plaintiffs and the class damages caused by FTB's conversion of Plaintiffs' property;

E. Injunctive relief against FTB to cease its illegal repossessions and attempted repossessions from Minnesota consumers until it complies with sending the required *Cobb* notices; and

10

F.  Such other and further relief, including equitable relief, as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand trial by jury on all counts.

Dated: May 11, 2018

TESKE, KATZ,
KITZER & ROCHEL, PLLP

By: s/ *Vildan Teske*
Vildan A. Teske (#241404)
Marisa C. Katz (#389709)
222 South Ninth Street, Suite 4050
Minneapolis, Minnesota 55402
Tel: (612) 746-1558
Fax: (651) 846-5339
teske@tkkrlaw.com
katz@tkkrlaw.com

11

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.11, subd.2, that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: May 11, 2018            By: _/s/ Vildan Teske_
                                   Vildan A. Teske (#241404)

12